Case 37.

PET. EQ.

## Ettlinger & Borries *vs.* Tansey and others.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. When an execution is levied and property sold, the execution is thereby extinguished, and all liens created by its levy. Even if the return of sale be quashed, the lien created by its levy is not revived, but a right to have another execution. (*Revised Statutes, art.* 21, *sec.* 5, *p.* 328.)

2. When there is a sale on credit under execution, the creditor gets the sale bond in lieu of his debt due upon the execution, and its force is extinguished. (*McGhee vs. Ellis & Browning,* 4 *Litt.* 48.)

3. The satisfaction of a sale bond by the obligor, gives no right of substitution to him against the creditor to whom the bond is due, —he has nothing to pass to the obligor, his debt being extinguished by the sale bond—he may sue the original debtor.

[The facts of the case are stated in the opinion of the court.—REP.]

*Bland Ballard* for appellants—

The return of the executions "satisfied," destroyed the lien created by the levy, and while the return stands no claim can be founded on the levy. By the return the sheriff has made himself responsible to the plaintiffs in the executions. As the sale was void it may be conceded that the plaintiffs, or the defendant in the executions might have had the returns quashed, but it is not perceived how the sheriff could have done so. The levy on an execution creates a lien, and confers on the officer authority to sell even after the return day. But it is not admitted that in this case, after the sheriff returned the executions "satisfied," that he had any authority to make another sale, on the ground that the first sale was void. Is it not entirely clear that his authority to make another sale was entirely gone when the sale bonds were paid? As the lien created by the execution and levy was extinguished by the return, it seems to follow that a sale made by the defendant in the execution after the return, would have passed a clear ti-

tle ; and it follows, *a fortiori*, that a lien created by a valid legal proceeding against the defendant must be effectual. If the sheriff had levied the plaintiffs' execution on the property of defendant, and had sold it, the purchaser would have acquired a valid title, and plaintiffs' debt satisfied. This he should have done, knowing the sale to be void. This question was decided in the case of *Crow vs. Johnson*, 5 *Dana*, 281. There can be no doubt but the lien acquired by the attachment should prevail.

*Barrett & Wood* for appellee Alexander—

1. Hefferman's mortgage is the first incumbrance. The attachment claim of Norton was not sustained by proof, and was properly dismissed. The lien of Alexander is next in priority to the mortgage, and superior to all others. All three of the executions —that of Breed & Co., Donelly, and Alexander— came to the hands of the sheriff on the 14th December, prior to Norton's attachment, and four months prior to that of Ettlinger & Borries. The executions were levied, and a sale made which was void, being a purchase by one deputy sheriff at a sale by another. (*Revised Statutes, chapter* 36, *article* 16, *section* 2, *page* 328.) But a lien was acquired by placing the executions in the sheriff's hands, and rendered more effectual by their levy. (*Million vs. Riley*, 1 *Dana*, 360.) Nothing has been done to destroy the execution liens.

2. Alexander having paid the execution debts of Breed & Co., and Donelly, and being the plaintiff in the third execution, should be substituted to the rights of Breed & Co., and Donelly. This was done by the chancellor, and his right recognized as prior to Ettlinger & Borries.

The appellants contend that the lien of the executions has been extinguished by the return of satisfaction made upon the executions. This is denied. By the express terms of the statute the sale was void. The right of property was not thereby changed—the

ETTLINGER, &c.
vs.
TANSEY, &c.

purchaser acquired no right to it whatever. There was no satisfaction of the executions, whatever might be the return. The petition shows this. The plaintiffs bring Alexander into court to get rid of the purchase, and state facts enough to show that there has been no satisfaction of the executions.

The plaintiffs must submit to the consequences resulting from their position. They cannot treat the sale as void to let in their attachment, and then insist that Alexander shall treat it as valid. If it be void for one purpose, it is for all purposes.

It is not decided in the case of *Stapp vs. Toler*, 3 *Bibb*, 450, that a sheriff cannot avail himself of the creditor's lien; it is waived, and only one point decided in the case—was the sale valid or invalid?

We ask an affirmance.

October 6.

Judge DUVALL delivered the opinion of the court:

The appellants, having a judgment against Tansey, and an execution returned "no property found," filed their petition and obtained an attachment against the defendant, which was levied on the 21st of April, 1855, upon a lot of ground owned by Tansey, in the city of Louisville, on which Hefferman held a mortgage. They pray a sale of the lot, subject to the mortgage, in satisfaction of their debt. By an amended petition, J. C. Alexander is made a defendant, who claims in his answer that on the 8th of January, 1856, he became the purchaser of the property on which the attachment was levied, at a sale made by Hamilton, a deputy sheriff, under three executions against Tansey : one in favor of Donelly, one in favor of Breed & Co., and the other in his own favor. That he executed sale bonds to Donelly, and to Breed & Co., for the amount of their respective debts; that the three executions had been returned by the officer satisfied, and that executions had been issued on the sale bonds; that being at the time of his purchase a co-deputy with the officer who made the sale, he is now advised that his pur-

chase is void, and that he acquired nothing by it, and that therefore he ought not to be compelled to pay the sale bonds to Donelly and to Breed & Co., and prays that they be enjoined from collecting them; that the lien created by the levy of his own execution is yet valid, and is superior to that of the plaintiffs under their attachment. His answer is made a cross petition against Tansey, Breed & Co., Donelly, and Hefferman.

By an amended petition subsequently filed, he states that since the filing of his original answer, he has paid off the debts to Donelly and to Breed & Co., and is, therefore, entitled to be substituted to their rights, and have control of their debts; that he had a right to purchase under his own execution, but if mistaken in this, he insists that the levy of the three executions created a lien which has not been extinguished, and under which he claims priority.

Donelly, and Breed & Co., admit the payment of their debts by Alexander, as alledged.

The chancellor adjudged a sale of the property, and the proceeds to be applied to the payment, first, of the mortgage debt to Hefferman; next, to the payment of Alexander's claim, and lastly to that of the appellants.

They seek to reverse the judgment, on the ground that they were entitled to priority over Alexander, in the application of the proceeds of the sale; and whether the chancellor erred to that extent is the only question presented for our consideration.

Was there a valid, subsisting lien upon this property in favor of the execution creditors, or either of them, at the time the attachment of the appellants was levied? Or, in other words, what effect is to be given to the disposition made by the sheriff, of their several executions, as shown by this record?

Those executions were regularly levied upon the property in contest, and the levy created a lien in favor of the creditors. The sheriff proceeded to sell, and Alexander, having bid the full amount of all the

1. Where an execution is levied, and property sold, the execution is thereby extin-

ETTLINGER, &c.
vs.
TANSEY, &c.

guished, and all liens created by the levy. Even if the return of sale be quashed, the lien created by the levy is not revived, but a right to have another execution. (*Revised Stat., article* 21, *sec.* 5, *p.* 328.)

executions, became the purchaser, and executed sale bonds to Donelly, and to Breed & Co., for the amount of their respective debts. All the executions were thereby satisfied, and were so returned by the officer. The lien was thereby extinguished. All the parties to the executions are bound and concluded by the return of the officer, until set aside or quashed by proper proceedings. The creditors have no further claim upon the debtor. Their liens, and all other rights, as against him, are discharged and released by the return. They must look to the sale bond of the purchaser, and to that alone, for satisfaction of their demands.

2. Where there is a sale on credit under execution, the creditor gets the sale bond in-lieu of his debt due upon the execution, and its force is extinguished. (*Mc-Ghee vs. Ellis & Browning,* 4 *Littell,* 48.)

But it is insisted that the consideration of the sale bond has failed, and that for that reason the creditor is entitled in equity to relief as against his obligees. In the case of *McGhee vs. Ellis & Browning,* 4 *Littell,* 248, it was held otherwise, upon the ground that the creditor had received the sale bond in lieu of his original debt. That for the sale bond of the purchaser he had surrendered his judgment and released his demand against the debtor, through the instrumentality of the sheriff, who had taken the bond, and the law compelled him to take it. And if the consideration had failed, the purchaser must look to those who passed to him that deceptive consideration, or those for whose benefit it was passed, and not to him from whom it did not come. In other words, that in all such cases the purchaser must look to the execution debtor, not to the creditor, for relief. In this case, it is not pretended that the creditors had any thing to do with the sale or with Alexander's purchase, or that the latter was ignorant of, or deceived as to the legal effect of such purchase. He knew, or must be presumed to have known, that he had no right "to bid for, or buy any property under an execution, which might be sold by his co-deputy," and that the right of property so purchased would not thereby be changed.

The payment of the bonds by Alexander would certainly entitle him to be remitted to all the rights of the creditors at the time of such payment; but it is shown that they had none, as against the debtor, and of course the doctrine of substitution is inapplicable.

Conceding the right of Alexander to quash the return of the officer, and the sale and sale bonds, and that all this might have been done by a proceeding in equity, still the effect would not have been to revive the lien created by the original levy; that had been extinguished by the return, and the chancellor had no power to impart vitality to it. By the Revised Statutes, (*page* 323, *section* 5,) it is provided that when a bond, having the force of a judgment, is quashed, a *new execution* may issue on the *original judgment,* at the instance of the plaintiff, in the same manner as if such bond had never been given. The chancellor could certainly have afforded no greater relief than is here provided for.

In answer to some of the suggestions of the counsel for Alexander, it may be remarked that the 2d section of the Revised Statutes, (*article* 16, *page* 328,) does not provide that a purchase by a co-deputy, under the circumstances mentioned, or the execution of a sale bond pursuant to such purchase, shall be *void*. It provides only that the right of property so sold and purchased shall not thereby be changed. Any construction of this section, which would enable a co-deputy sheriff to buy property under an execution sale, and execute his bond to the creditor who had no agency in the levy or sale, who was not present at the sale, and who could, of course, have no knowledge of the purchaser, and then upon the application of the purchaser to enable him to succeed in vacating his bond, at the expense of the innocent creditor, and at the hazard of the ultimate loss of his debt, would, it seems to us, be obviously inequitable, and contrary to the clear intention and policy of the enactment.

ETTLINGER, &c.
*vs.*
TANSEY, &c.

3. The satisfaction of a sale bond by the obligor, gives no right of substitution to him against the creditor to whom the bond is due, —he has nothing to pass to the obligor, his debt being extinguished by the sale bond — he may sue the original debtor.

From the view we have taken, *it follows* that at the date of the levy of the appellants' attachment, there was no prior lien or other incumbrance upon the property, except that of the mortgage to Heffer-man, and that the proceeds of the sale should have been applied to the payment, first, of the mortgage debt; next, that of the appellants, and lastly that of the defendant, Alexander.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings, in conformity with this opinion.